IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HEATHER K. CLARK,<br><br>            Plaintiff,<br><br>v.<br><br>CAPITAL ONE BANK, d/b/a<br>CAPITAL ONE VISA,<br><br>            Defendant. | Case No. CV-07-393-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Plaintiff Heather Clark's Motion to Remand (Docket No. 9), and Capital One Bank's Motion to Dismiss (Docket No. 8). The Court heard oral argument on the motions on December 13, 2007. For the reasons stated by the Court at oral argument, the Court denied the Motion to Remand. This Order memorializes that decision. For the reasons explained below, the Court will grant Clark an opportunity to amend her Amended Complaint before the Court rules on Capital One's Motion to Dismiss.

## ANALYSIS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to

**Memorandum Decision and Order - 1**

"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. Factual allegations must be enough "to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.*  The Supreme Court explained that

> [a]sking for plausible grounds to infer [a claim] does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the claim]. And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.

*Id.*  Alternatively, dismissal may be appropriate when the plaintiff has included sufficient allegations disclosing some absolute defense or bar to recovery.  *See Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n. 1 (9th Cir. 1997) (stating that "[i]f the pleadings establish facts compelling a decision one way, that is as good as if depositions and other . . . evidence on summary judgment establishes the identical facts").

A dismissal without leave to amend is improper unless it is beyond doubt

**Memorandum Decision and Order - 2**

that the complaint "could not be saved by any amendment." *Simpson*, 452 F.3d at 1046. The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." See *Hydrick v. Hunter*, 466 F.3d 676, 685 (9th Cir. 2006).

Under Rule 12(b)(6), the Court may consider matters that are subject to judicial notice. *Mullis v. United States Bank*, 828 F.2d 1385, 1388 (9th Cir. 1987). The Court may also examine documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment. See *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

As discussed during oral argument in this matter, the Court has concerns about whether Clark's Amended Complaint satisfies the pleading standard articulated in *Twombly*. However, because Clark filed her Amended Complaint in state court, where the decision in *Twombly* would have little, if any, application, the Court finds that it is in the interest of justice to allow Clark to amend her Amended Complaint.

**Memorandum Decision and Order - 3**

The Court cautions Clark's counsel to consider his Rule 11 obligations in drafting the second amended complaint. Clark shall also file a supplemental brief with her second amended complaint, explaining why, based on the second amended complaint, the Court should not grant Capital One's pending motion to dismiss. Capital One will then have an opportunity to file its own supplemental brief.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (Docket No. 9) shall be, and the same is hereby, DENIED.

IT IS FURTHER ORDERED that the Court will reserve ruling on Capital One Bank's Motion to Dismiss (Docket No. 8) until after Clark amends her Amended Complaint, and the parties file their supplemental briefs.

IT IS FURTHER ORDERED that Clark shall file her second amended complaint and supplemental brief on or before January 4, 2008. Capital One shall file its supplemental brief on or before January 18, 2008. The briefs shall not

**Memorandum Decision and Order - 4**

exceed ten (10) pages.



DATED: **December 18, 2007**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order - 5**