IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| HEATHER K. CLARK, | ) | |
| | ) | Case No. CV-07-393-S-BLW |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM DECISION** |
| v. | ) | **AND ORDER** |
| | ) | |
| CAPITAL ONE BANK, d/b/a | ) | |
| CAPITAL ONE VISA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## INTRODUCTION

The Court has before it Capital One Bank's ("Capital One") Motion to Dismiss (Docket No. 8). The Court heard oral argument on the motion on December 13, 2007. As discussed during oral argument, the Court had concerns about whether Clark's Amended Complaint satisfied the standard for motions to dismiss recently articulated by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 155 (2007). However, because Clark filed her Amended Complaint in state court, coupled with the fact that since the Supreme Court announced *Twombly*, lower courts have wrestled with whether it applies to cases outside the antitrust arena, the Court granted Clark and opportunity to file a Second Amended Complaint. The Court now has before it Clark's Second

**Memorandum Decision and Order - 1**

Amended Complaint, as well as supplemental briefs filed by both parties.

## ANALYSIS

### I.    Rule 12(b)(6) Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1965. Factual allegations must be enough "to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* The Supreme Court explained that

> [a]sking for plausible grounds to infer [a claim] does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the claim]. And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.

*Id.* Alternatively, dismissal may be appropriate when the plaintiff has included sufficient allegations disclosing some absolute defense or bar to recovery. *See Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n. 1 (9th Cir. 1997) (stating that

**Memorandum Decision and Order - 2**

"[i]f the pleadings establish facts compelling a decision one way, that is as good as if depositions and other . . . evidence on summary judgment establishes the identical facts").

Under Rule 12(b)(6), the Court may consider matters that are subject to judicial notice.  *Mullis v. United States Bank*, 828 F.2d 1385, 1388 (9th Cir. 1987). The Court may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment.  *Disabled Rights Action Comm. v. Las Vegas Events, Inc.,* 375 F.3d 861, 866 (9th Cir. 2004).  The Court may also examine documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment.  *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

## II.     Defendant's Motion to Dismiss

### A.     ECOA Claim

In relevant part, the Equal Credit Protection Act ("ECOA") states that it is unlawful for a creditor to discriminate against an applicant, with respect to any aspect of a credit transaction, on the basis of marital status.  15 U.S.C. § 1691(a)(1).  An applicant is "any person who applies to a creditor directly for an extension, renewal, or continuation of credit, or applies to a creditor indirectly by

use of an existing credit plan for an amount exceeding a previously established credit limit." 15 U.S.C. § 1691a(b). The ECOA regulations proscribe particular adverse actions, including account terminations, which violate ECOA if performed on the basis of marital status. *Miller v. American Express Co.*, 688 F.2d 1235, 1239 (9th Cir. 1982).

      Under Count III of her Second Amended Complaint, Clark contends that Capital One violated ECOA when it refused to continue to extend credit to her based on her marital status. (Second Amended Complaint, ¶ 37). However, except for this blanket assertion, Clark makes no assertion that she applied for continued credit, or that Capital One refused to extend credit to her. Instead, Clark sets forth facts acknowledging that she contacted Capital One after she failed to make several monthly credit card payments. Clark then alleges that Capital One agreed to modify her cardholder agreement by placing it in a hardship category, but nevertheless charged off the account and sent it to a collection agency when it determined that her marital status had changed.

      Clark makes no allegation that she directly applied for an extension, renewal, or continuation of credit, or that she applied indirectly by use of her credit plan for an amount exceeding her previously established credit limit. In fact, in her brief, Clark specifically states that she was not requesting additional credit. (Clark

**Memorandum Decision and Order - 4**

Supplemental Brief, p. 4, Docket No. 23).  Thus, Clark is not an "applicant" as defined by ECOA for purposes of the allegations in her complaint.  Instead, Clark's allegations concern whether Capital One handled her missed payments in compliance with the parties' contract, whether in its original form or as modified by the parties.

Additionally, even if Clark's complaint could somehow be read to infer that Clark was an applicant for purposes of ECOA, there is no evidence that Capital One took adverse action against Clark on the basis of her marital status.[1] Based on the allegations in Clark's Second Amended Complaint, Capital One originally extended credit to Clark when she was single.  Capital One continued to extend credit to Clark after she was married.  Thus, Capital One extended credit to Clark both when she was married and when she was single.  Capital One revoked that credit only after Clark reached her credit limit and missed six payments.  The reasonable inference from these allegations is that Capital One revoked Clark's credit because of her delinquency.  As discussed above, a complaint must set forth

---

[1]   An adverse action constituting discrimination under ECOA is defined as follows: A denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested. Such term does not include a refusal to extend additional credit under an existing credit arrangement where the applicant is delinquent or otherwise in default, or where such additional credit would exceed a previously established credit limit. 15 U.S.C. § 1691(d)(6).  For purposes of this argument, the Court will assume that Capital One took adverse action against Clark by revoking her credit when it charged off her account.  However, even that is questionable.

**Memorandum Decision and Order - 5**

"more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1964.  Factual allegations must be enough "to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* Here, only speculation would allow the Court to find that Clark's marital status was the basis of any adverse action taken against her by Capital One.  Accordingly, Clark's ECOA claim must be dismissed.

Clark's ECOA claim is the only claim, out of Clark's five claims, which confers jurisdiction on this Court.  Because (1) this case is in the early stages of litigation, (2) all four of Clark's remaining claims raise issues of state law, and (3) the Second Amended Complaint raises new claims which have not been fully addressed in the parties' briefing, the Court will not exercise supplemental jurisdiction.  28 U.S.C. § 1367(c)(3).  Instead, the Court will remand the case to state court, where the new claims of the Second Amended Complaint can be fully addressed.[2]

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Capital One Bank's

---

[2] The Court will deny Capital One's request for attorney fees and costs.  This decision is based on the allegations of Count III of the Second Amended Complaint, which remained the same as it was presented in the earlier complaint.  Capital One may seek its fees and costs in state court.

**Memorandum Decision and Order - 6**

Motion to Dismiss (Docket No. 8) shall be, and the same is hereby, GRANTED as to the ECOA claim.

IT IS FURTHER ORDERED that this case be REMANDED to state court for further proceedings on Clark's remaining four claims.

IT IS FURTHER ORDERED that the Clerk of the Court shall CLOSE this case.



DATED:  **February 19, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 7**